| Case No. | CV 11-4662 PSG (JEMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | Tarpon Acquisition, LLC v. Monnie Ford | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:**     **(In Chambers) Order REMANDING the case to state court**

      On June 2, 2011, Tkia Clay ("Clay") filed a notice of removal of an unlawful detainer action brought by Plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff") against Monnie Ford ("Ford").[1] After reviewing Clay's notice of removal and the documents attached thereto, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

      The Court observes, first, that there is no federal question jurisdiction here. The presence or absence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leashold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Here, Clay does not provide the Court with the

---

[1] Although Tkia Clay attempted to remove the case from state court, it is unclear if the removal was actually successful. No state court complaint accompanies the Notice of Removal, and Tkia Clay admits that he or she is not a named defendant in the underlying action. *See Notice of Removal* ¶ 2. Nevertheless, the Court concludes that it does not have jurisdiction over the case, even if it was properly removed.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4662 PSG (JEMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | Tarpon Acquisition, LLC v. Monnie Ford | | |

Complaint, but admits in the Notice of Removal that the only claim asserted by Plaintiff is for unlawful detainer, a cause of action that is purely a matter of state law. *See Notice of Removal* ¶ 2. Thus, it is clear that no basis for federal question jurisdiction exists.

Although Clay raises the federal Truth in Lending Act, among others, in defense, the Court lacks jurisdiction over those as well. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Le v. Young Champions Rec. Programs,* 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008) ("[R]emoval cannot be based on a counterclaim, cross-claim or third party claim raising a federal question; to hold otherwise would allow defendants to determine the removability of a case.").

Furthermore, the Court notes that there is no showing of diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). Here, Defendant's Notice of Removal fails to establish complete diversity of citizenship. Thus, diversity jurisdiction is lacking.

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

**IT IS SO ORDERED.**

CV 11-4662 (06/11)    **CIVIL MINUTES - GENERAL**    Page 2 of 2